**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SAVERS PROPERTY & CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ROCKHILL INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, CLARK-FLOYD LANDFILL, LLC, JENNIFER OOLEY, RICKEY GONZALEZ, YVONNE GONZALEZ, ROBERT SCOLES, and TAMARA SCOLES, on behalf of themselves and others similarly situated, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT AND MONETARY RELIEF**

NOW COMES the Plaintiff, SAVERS PROPERTY & CASUALTY INSURANCE COMPANY, a Delaware corporation ("Savers"), by and through its attorneys, Kimbley A. Kearney, Colleen A. Beverly and Henry T. M. LeFevre-Snee of CLAUSEN MILLER P.C., and for its complaint for declaratory judgment (pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*.) against ROCKHILL INSURANCE COMPANY, an Arizona corporation ("Rockhill"), NAUTILUS INSURANCE COMPANY, an Arizona corporation ("Nautilus"), Clark-Floyd Landfill, LLC ("Clark-Floyd" or the "Insured"), a Kentucky limited liability company, and Jennifer Ooley, Rickey Gonzalez, Yvonne Gonzalez, Robert Scoles, and Tamara Scoles, on behalf of themselves and others similarly situated (the "Underlying Plaintiffs"), alleges as follows:

1

## Introduction

1. In this action, Savers seeks relief against Rockhill in two forms: **first,** a declaratory judgment finding and declaring that Rockhill must defend and indemnify the Insured in an underlying lawsuit in state court that is still pending, described in detail herein, and **second,** that Rockhill must reimburse Savers for sums expended by Savers in defending the Insured in that lawsuit.

2. The underlying lawsuit asserts claims for continuing loss in the form of nuisance, potentially extending across multiple policy periods, during some of which time Savers insured the Insured, and at other times, Rockhill did. Although Savers defended the Insured in that suit and continues to do so, Rockhill has not. The Insured, Nautilus and the Underlying Plaintiffs are joined as defendants herein only to bind them to the judgment sought. Savers seeks no relief from them.

## Jurisdiction

3. The jurisdiction of this Court is premised upon 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## Venue

4. Venue is premised upon 28 U.S.C. §1391 as all of the defendants are residents of this District, with the exception of Savers, Rockhill and Nautilus. However, venue is proper as to Savers, Rockhill and Nautilus as well, inasmuch as they issued insurance policies at issue herein to businesses located in this District.

## The Parties

5. Savers is an insurance corporation organized under the laws of Delaware, with its principal place of business in Overland Park, Kansas. At all times relevant, Savers was authorized to transact business in Indiana.

7374019.1

6. Rockhill is an insurance corporation organized under the laws of Arizona, with its principal place of business in Scottsdale, Arizona. At all times relevant, Rockhill was authorized to transact business in Indiana.

7. Nautilus is an insurance corporation organized under the laws of Arizona, with its principal place of business in Scottsdale, Arizona. At all times relevant, Nautilus was authorized to transact business in Indiana.

8. Clark-Floyd is a Kentucky limited liability company, which maintains its principal place of business in Jeffersonville, Indiana, and which at times herein relevant was the named insured under certain policies of insurance issued by Savers and Rockhill.

9. Jennifer Ooley is a citizen of Indiana, who resides in Clark County.

10. Rickey Gonzalez and Yvonne Gonzalez are citizens of Indiana, who reside in Clark County.

11. Robert Scoles and Tamara Scoles are citizens of Indiana, who reside in Clark County.

12. The defendants named in paragraphs 6–8 of this Complaint are the plaintiffs in a certain action brought against Clark-Floyd in state court, which will be more fully described herein. Savers seeks no relief against these underlying plaintiffs. They are joined herein only because they have a potential interest in the outcome of this action, and are "necessary parties" under state law.

### The Rockhill Policies

13. Rockhill issued its policy of insurance numbered R PKG E 001336-01 to Clark-Floyd as named insured. The policy provided insurance coverage for the effective period of January 1, 2010 to January 1, 2011 (the "2010/11 Rockhill Policy"). A true and correct copy of the 2010/11 Rockhill Policy is attached hereto as Exhibit 1.

7374019.1

14. Rockhill issued its policy of insurance numbered R PKG E 001336-02 to Clark-Floyd as named insured. The policy provided insurance coverage for the effective period of January 1, 2011 to January 1, 2012 (the "2011/12 Rockhill Policy"). A true and correct copy of the 2011/12 Rockhill Policy is attached hereto as Exhibit 2.

15. Rockhill issued its policy of insurance numbered ENVP007590-00 to Clark-Floyd as named insured. The policy provided insurance coverage for the effective period of January 1, 2014 to January 1, 2015 (the "2014/15 Rockhill Policy"). A true and correct copy of the 2014/15 Rockhill Policy is attached hereto as Exhibit 3. The 2010/11 Rockhill Policy, 2011/12 Rockhill Policy and the 2014/15 Rockhill Policy are collectively referred to as the "Rockhill Policies".

## The Underlying Litigation

16. The Underlying Plaintiffs filed an action for injunctive relief and damages against Clark-Floyd in the Clark County Superior Court, State of Indiana, under Cause No. 10C02-1608-CT-000131, on or about August 12, 2016 (the "Underlying Action"). The Underlying Plaintiffs filed an amended complaint on or about December 14, 2016. A true and correct copy of the First Amended Class Action Complaint and Jury Demand is attached hereto as Exhibit 4.

17. The Underlying Plaintiffs allege that their properties, including their neighborhoods, residences, and yards, have been and continue to be invaded by noxious odors, pollutants, and air contaminants originating from the Clark Floyd Landfill. As a result of the alleged invasion of the Underlying Plaintiffs' properties by pollutants, noxious odors, and air contaminants, the Underlying Plaintiffs have allegedly suffered injuries, including exposure to the pollutants, horrific odors, and air contaminants themselves, as well as loss of use and enjoyment of their properties. The Underlying Plaintiffs seek damages in excess of $5 million and assert causes of action for public and prior nuisance and negligence/gross negligence.

### Tender of Defense

18. Clark-Floyd made a demand on Rockhill to provide a defense for the Underlying Action. Rockhill denied coverage to Clark-Floyd for the Underlying Action. A true and correct copy of Rockhill's June 24, 2019 denial letter, attached hereto as Exhibit 5.

### The Savers Policies

19. Savers insured Clark-Floyd from 2012 to 2013 and 2013 to 2014 (the "Savers Policies"). True and correct copies of the Savers Policies are attached hereto as Exhibits 6 and 7.

20. At all times material, Savers has paid a share of defense costs and attorney's fees reasonably incurred by Clark-Floyd in the Underlying Action, pursuant to the requirements of the Savers Policies. The sums expended by Savers are in excess of $75,000.

21. Under principles of equity and also under the express provisions of the Savers Policies, Savers is entitled to seek contribution directly from Rockhill for sums expended by Savers in the defense of Clark-Floyd and to seek declaratory relief with respect to costs to be incurred in the future defense of Clark-Floyd.

### The Nautilus Policies

22. Nautilus insured Clark-Floyd from 2016 to 2017 (the "Nautilus Policies"). True and correct copies of the Nautilus Policies are attached hereto as Exhibits 8 and 9.

23. Upon information and belief, Nautilus has paid a share of defense costs and attorney's fees incurred by Clark-Floyd in the Underlying Action, pursuant to the requirements of the Nautilus Policies.

24. Savers seeks no relief against Nautilus. Nautilus is joined herein only because it has a potential interest in the outcome of this action, and is a "necessary party" under state law.

7374019.1

## Count I – Declaratory Judgment

25. Savers incorporates and repeats paragraphs 1–24 of this Complaint as and for paragraph 25.

26. Rockhill had a duty to defend Clark-Floyd with regard to the Underlying Action at all material times.

27. Rockhill has wrongfully denied coverage to Clark-Floyd with regard to the Underlying Action and has breached its obligation to defend Clark-Floyd under the Rockhill Policies. Rockhill must reimburse Savers for Rockhill's share of all sums expended in defending Clark-Floyd, and must indemnify Clark-Floyd for any judgment or settlement in the Underlying Action.

28. In addition, Rockhill must undertake the defense of Clark-Floyd in the Underlying Action and continue defending Clark-Floyd through the Underlying Action's final disposition.

WHEREFORE, the Plaintiff, SAVERS PROPERTY & CASUALTY INSURANCE, respectfully requests that this Honorable Court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, finding and declaring as follows:

(a) That Rockhill owes a duty to defend and indemnify Clark-Floyd with regard to the Underlying Action;

(b) That Rockhill must reimburse Savers for Rockhill's share of all sums expended by Savers in the defense of Clark-Floyd; and

(c) For such relief as the Court shall deem just and fair under the circumstances.

## Count II - Contribution

29. Savers incorporates and repeats paragraphs 1–28 of this Complaint as and for Paragraph 29.

30. Savers is entitled to a money judgment against Rockhill for the amounts it has expended in defense of Clark-Floyd in the Underlying Action.

7374019.1

WHEREFORE, SAVERS PROPERTY & CASUALTY INSURANCE, respectfully requests that this Honorable Court enter a money judgment against Rockhill for the amounts Savers has expended for the defense of Clark-Floyd in the Underlying Action.

        Respectfully Submitted,
        CLAUSEN MILLER, P.C.

By:  /s/ Kimbley A. Kearney
       Kimbley A. Kearney
       Bar Number: 31825-46
       Attorney for Plaintiff SAVERS PROPERTY & CASUALTY INSURANCE

Kimbley A. Kearney
Bar Number: 31825-46
(312) 606-7719
kkearney@clausen.com
Colleen A. Beverly (applying for pro hac vice)
(312) 606-7624
cbeverly@clausen.com
Henry LeFevre-Snee
Bar #6326331 IL
(312) 606-7775
hlefevresnee@clausen.com
CLAUSEN MILLER, P.C.
200 Commerce Square
Michigan City, Indiana 46360

7374019.1